# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH PAUL BIRD,<br><br>                             Plaintiff,<br>v.<br>JENNIFER NASH, *et al.*,<br><br>                             Defendants. | Case No.  2:18-cv-02329-APG-DJA<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>[ECF No. 30] |

The defendants move for permission to file under seal the entirety of their motion to enforce the settlement agreement. ECF No. 30.  They separately filed their motion and reply brief under seal. ECF Nos. 31, 34.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Court records are presumptively publicly accessible. *Id.*  A party seeking to seal a judicial record must overcome this strong presumption. *Id.*  In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79.  And only those portions of a filing that contain specific reference to confidential material may be sealed.  The proper method is to publicly file the documents, redacting the confidential material.  The wholesale sealing of an entire motion and exhibits is improper unless redaction would be overly burdensome.

Here, the defendants sealed the entire motion, all exhibits, and their reply brief even though there appears to be very little confidential information contained in those documents. The sealing request is based upon the confidential nature of mediation, as reflected in the order

setting the inmate early mediation conference. ECF No. 22.  But the defendants' motion to enforce the settlement contains only fleeting reference to the ultimate resolution, and no mention of the confidential conversations during the mediation.  The defendants also admit that "settlement agreements are matters of public record pursuant to NRS 41.0375" (ECF No. 33 at 2, n.1), so even the terms of the settlement would not be confidential according to the defendants.  Finally, the transcript of the proceedings memorializing the settlement is publicly available because none of the parties requested it be sealed. ECF No. 27.  The defendants have not shown compelling reasons to overcome the presumption that their filings should be publicly accessible.

I THEREFORE ORDER that the defendant's motion to seal **(ECF No. 30) is denied.**

I FURTHER ORDER the clerk of court to unseal the documents filed at ECF Nos. 31 and 34.

Dated: July 13, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE