# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KEITH PAUL BIRD,

                Plaintiff,

v.

BRIAN E. WILLIAMS, SR., *et al.*,

                Defendants.

Case No.  2:18-cv-02329-APG-DJA

**ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT**

[ECF No. 30]

On January 31, 2020, the parties participated in a mediation of this dispute.  At the conclusion of the mediation the parties confirmed on the record that plaintiff Keith Bird agreed to dismiss his claims with prejudice in exchange for a waiver of the $350.00 filing fee. ECF No. 27.[1]  Counsel for the defendants prepared a stipulation to dismiss the case, but Bird refused to sign it.  He now argues, among other things, that there was no "meeting of the minds" because he did not understand he would be dismissing his claims. ECF No. 32.

The record is clear that the parties engaged in a lengthy and "very extensive mediation" with a trained mediator. ECF No. 27 at 3.  The mediator stated on the record that Bird "agreed to dismiss his complaint against all defendants with prejudice in exchange for the Court waiving the $350 filing fee." *Id.*  Bird asked "what fees and costs would apply to" him and the mediator explained there would be none. *Id.*  Bird asked no other questions on the record.

Bird had plenty of time during the mediation and later on the record to ask questions about the proposed settlement if he did not understand the terms.  There is no indication he did

---

[1] The minutes of the proceedings incorrectly state that Bird stipulated to dismiss the case without prejudice. ECF No. 23.  But that is contradicted by the transcript of those proceedings in which the parties agreed that dismissal is with prejudice. ECF No. 27.

not understand and agree to the settlement.  To the extent he now claims he was confused or mistaken, that is not a sufficient ground to avoid the agreement.

> Unilateral mistake gives rise to rescission of a contract only if the other party had reason to know of or caused the mistake. . . . Under the limited circumstances when [Nevada courts] have recognized unilateral mistake, the fact pattern involves misrepresentation or fraud by a party with unequal knowledge or bargaining skills.

*Pepe v. Eighth Judicial Dist. Court of ex rel. Cty. of Clark*, 238 P.3d 845 at *3 (Nev. 2008).  Bird admits he "has not claimed fraud" by the defendants in connection with the settlement. ECF No. 32 at 6:19.  His alleged unilateral mistake does not invalidate the settlement.

Finally, adequate consideration was exchanged in that the defendants receive a dismissal of Bird's claims and Bird does not have to pay the significant filing fee.

I THEREFORE ORDER that the defendant's motion to enforce the settlement **(ECF No. 31) is granted.**

I FURTHER ORDER that plaintiff Keith Paul Bird does not have to pay the 350.00 filing fee in this case, and this case is dismissed with prejudice.  The clerk of court is directed to enter judgment accordingly and close this case.

Dated: July 14, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE